IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEJENEA SHAW, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-1075 |
| ) | Judge Richardson / Frensley |
| ENHANCED RECOVERY COMPANY ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

This action was filed by the pro se Plaintiff on October 16, 2023. Docket No. 1. Summons was issued as to the Defendant and service copies returned to the Plaintiff at the service counter on October 16, 2023. Docket No. 3. The matter was referred to the undersigned to oversee service of process, enter a scheduling order for the management of the case or dispose or recommend disposition of any pretrial motions. Docket No. 4. The Plaintiff filed proof of service of summons on October 31, 2023. Docket No. 5. On December 4, 2023, the Plaintiff filed a Motion for Default Judgment against Defendant (Docket No. 6), which was denied by the Clerk of Court on April 18, 2024 (Docket No. 7).

The Clerk's order found that the Plaintiff had not submitted proof of service sufficient to satisfy Local Rule 55.01(i). *Id.* The Plaintiff's motion for default was denied without prejudice to refiling upon successful service of process.

The Plaintiff thereafter filed what purports to be a certified mail receipt. Docket No. 8. However, the Plaintiff's filing provides no further information and does not remedy the service issues identified by the Clerk of Court and the Order denying the motion for entry of default. Docket No. 7.

On October 2, 2024, the Court entered a Show Cause Order outlining the deficiencies in

service described herein. Docket No. 9. The Plaintiff was ordered to file a notice with the Court outlining the status of service of process in this matter and show cause as to why this action should not be dismissed under Rules 4(m) and 41 (b) of the Federal Rules of Civil Procedure by October 5, 2024.

To date, the Plaintiff has not advised the Court on the status of service process of Defendants or otherwise made any type of response to the October 2, 2024, Order.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the Defendants in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980). The Plaintiff has had no communication with the Court or responded to the show cause order or otherwise addressed the issue of service as required by the Order. Plaintiffs' failure to return proof of service, respond to the show cause order, or to otherwise take any activity in the case to effectuate service indicates that the Plaintiffs have not prosecuted this case.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**